

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-16-2007

# In re: Benjamin

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3857

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"In re: Benjamin " (2007). 2007 Decisions. Paper 1599.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1599

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-3857
_____

IN RE: TREVOR BENJAMIN,

Appellant
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 06-MC-00111)
District Judge: Honorable James M. Munley
_____

Submitted Under Third Circuit LAR 34.1(a)
February 14, 2007

Before:  RENDELL, COWEN AND VAN ANTWERPEN, <u>CIRCUIT JUDGES</u>

(Filed February 16, 2007)

OPINION
_____

PER CURIAM

     Trevor Benjamin appeals from an order of the United States District Court for the

Middle District of Pennsylvania, denying his motion for revocation of naturalization.  We

will affirm.

     Benjamin, who was born in Phillipsburg, Sint Maarten, Netherlands Antilles, was

originally a Dutch citizen.  While in the United States Navy, he was recommended for an

officer program, which requires United States citizenship. Benjamin applied for citizenship and was naturalized on October 24, 1994.

In April of last year, Benjamin filed a motion in the District Court, purportedly pursuant to 8 U.S.C. § 1451(a), claiming that he had procured his naturalization through willful misrepresentation. Benjamin claims that he never wanted to become a citizen, and only did so so that he could be a naval officer. He also claims that he did not actually take the oath of citizenship, as he arrived late to the ceremony, and that on his naturalization application he concealed the fact that he had been convicted of Grand Theft Auto in 1985, stating instead that he had a petty larceny conviction. Benjamin argued that based on his willful misrepresentation, the District Court was obligated to revoke his naturalization.

The District Court denied the motion, holding that only the United States Attorney is statutorily empowered to initiate revocation proceedings. We agree. The statute provides:

> It shall be the duty *of the United States attorneys* for the respective districts, upon affidavit showing good cause therefor, *to institute proceedings* in any district court of the United States in the judicial district in which the naturalized citizen may reside at the time of bringing suit, for the purpose of revoking and setting aside the order admitting such person to citizenship and canceling the certificate of naturalization on the ground that such order and certificate of naturalization were illegally procured or were procured by concealment of a material fact or by willful misrepresentation . . . .

8 U.S.C. § 1451(a) (emphasis added).  The Supreme Court has emphasized that the detailed provisions of the statute set forth an *exclusive* procedure by which U.S. attorneys, through production of an affidavit showing good cause therefor, may institute proceedings revoking naturalization.  <u>United States v. Zucca</u>, 351 U.S. 91, 95, 99 (1956).  As the U.S. Attorney had not instituted proceedings against Benjamin, the District Court lacked jurisdiction to consider the motion.

We will therefore affirm the District Court's order.